# Richmond

RALPH CLINE v. LARRY'S ELECTRIC CO., INC. AND DENNIS RAY JOHNSON.

September 1, 1972.

Record No. 7846.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Jackson L. Kiser* (*Young, Kiser & Haskins*, on brief), for plaintiff in error.

*David B. Worthy* (*Stone, Joyce, Worthy & Stone*, on brief), for defendants in error.

Per Curiam.

The trial court entered judgment on a jury verdict in favor of defendants, Larry's Electric Co., Inc. and Dennis Ray Johnson in an action brought by plaintiff, Ralph Cline, for personal injuries resulting from a motor vehicle accident. Cline appeals, contending that the trial court erred in ruling as a matter of law that the speed limit on the highway where the accident occurred was 25 miles per hour.

The evidence was submitted to us in an agreed statement of facts. It shows that the accident occurred on December 31, 1969, at 10:00 a.m. in Henry County, on State Route 108, a primary highway, about 1.4 miles north of the corporate limits of the City of Martins-

ville. The road was a two lane highway with a broken line permitting southbound traffic to pass. Cline, operating his automobile in a southerly direction, attempted to pass two trucks proceeding in the same direction, a State Highway Department dump truck immediately ahead of him and a pickup truck owned by Larry's Electric and operated by Johnson. As Cline overtook the State truck to pass it, the Larry's Electric truck turned to its left to enter a driveway on the east side of the road and collided with the Cline vehicle in the northbound lane of traffic. Cline testified that he was driving at 35 to 45 miles per hour as he began to pass the State truck.

W. C. Brown, a Certified Land Surveyor, testifying for defendants, introduced in evidence a plat which he had made of the scene of the accident and Route 108 for a distance of about 3,800 feet northward from that point. His testimony tended to show that the accident occurred on a section of highway in a residential district as defined by Va. Code Ann. § 46.1-1(24) (1972)[1], where the speed limit, under Va. Code Ann. § 46.1-193(1)(g) (1972), was 25 miles per hour. He further testified that his plat showed the conditions as they existed at the time of the accident.

State Trooper F. L. Woodson testified that, as of the date of the trial on February 24, 1971, on the east side of Route 108 facing northbound traffic at points .8 of a mile south and .8 of a mile north of the scene of the accident, there were State Highway signs posted stating that the speed limit was 55 miles per hour. He further testified that six miles north of the accident on the west side of the highway facing southbound traffic there was a similar 55 miles per hour speed limit sign.

While Cline concedes that Va. Code Ann. § 46.1-193(3) (1972) requires the State Highway Commissioner to conduct a survey before increasing or decreasing speed limits in a residential district, he contends that there is a presumption, upon which he could rely, that the speed limit signs were lawfully posted. We do not reach that question, however, because the evidence as to the signs related only to the date of trial, which was more than a year after the accident occurred.

[1] Section 46.1-1(24):

"*Residence district.*'—The territory contiguous to a highway, not comprising a business district, where seventy-five per centum or more of the property contiguous to such highway, on either side of the highway, for a distance of three hundred feet or more along the highway is occupied by dwellings and land improved for dwelling purposes, or by dwellings, land improved for dwelling purposes and land or buildings in use for business purposes."

There is nothing in the agreed statement of facts to show that the speed limit signs which Trooper Woodson testified were posted at the trial date were there at the time of the accident.

Cline testified that he had been a resident of the area for a number of years and was familiar with the posted speed signs. But he did not say what speed signs were posted on the date of the accident. Accordingly, on the record before us, we find no error in the ruling of the trial court that the speed limit at the scene of the accident was 25 miles per hour.

*Affirmed.*